UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:04cr34-JRS |
| | ) | |
| LEON A. SINGLETON, | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION FOR MODIFICATION OF SENTENCE**

The United States opposes defendant's motion for modification of his sentence. Because this Court sentenced defendant as a career offender under U.S.S.G. § 4B1.1, his guideline range is unaffected by Amendment 750, making him ineligible for relief under 18 U.S.C. § 3582(c)(2).

As the application note to U.S.S.G. § 1B1.10 states, any defendant whose guidelines range is unaffected by Amendment 750 is ineligible for relief:

*Application Notes:*

> *1. Application of Subsection (a).—*
>
> *(A) Eligibility.—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (I) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment) (emphasis added).*

Here, Singleton's guideline range was not lowered by Amendment 750 because he was determined to be a career offender pursuant to U.S.S.G. § 4B1.1. *See* PSR at 16. Moreover, Singleton was sentenced to 230 months, at nearly the top of his guidelines range of 188-235 months, based primarily on his prior convictions for maiming and use of a firearm in 1992, and unlawful wounding in 1999. PSR at 8-10. Accordingly, Singleton represents a danger to the community upon his release.

In any event, Singleton, regardless of his original sentence, was found to be a career offender and is therefore ineligible for retroactive relief. If this Court disagrees, the United States requests an opportunity to submit additional briefing on that issue.

          Respectfully submitted,

          NEIL H. MACBRIDE
          UNITED STATES ATTORNEY

By:    /s/ *Peter S. Duffey*
          Peter S. Duffey
          Assistant United States Attorney
          Office of the United States Attorney
          Eastern District of Virginia
          600 East Main Street, Suite 1800
          Richmond, Virginia 23219
          (804) 819-5508
          Peter.duffey@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Response to the Defendant's Motion of for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) was served via the Electronic Case File system on **December 20, 2011,** and mailed, postage prepaid, to the following:

      Leon Singleton
Register Number 38436-083
USP Atwater
P.O. Box 019001
Atwater, CA 95301

By:   /s/  *Peter S. Duffey*
           Peter S. Duffey